**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-2101**

TROY D. PRICE, JR.,

       Plaintiff - Appellant,

and

ATLANTIC RO-RO CARRIERS, INC.; BALTIC MERCUR JOINT STOCK COMPANY,

       Defendants and 3rd-Party Plaintiffs,

    v.

MOS SHIPPING CO., LTD.,

       Defendant - Appellee,

RUKERT TERMINALS CORPORATION,

       Third Party Defendant.

**No. 17-2167**

MOS SHIPPING CO., LTD.,

       Defendant and 3rd-Party Plaintiff - Appellant,

and

ATLANTIC RO-RO CARRIERS, INC.; BALTIC MERCUR JOINT STOCK COMPANY,

Defendants and 3rd-Party Plaintiffs,

v.

TROY D. PRICE, JR.,

Plaintiff - Appellee,

RUKERT TERMINALS CORPORATION,

Third Party Defendant - Appellee.

Appeals from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, District Judge. (1:11-cv-01735-CCB)

Submitted: May 18, 2018                         Decided: July 5, 2018

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

No. 17-2101 affirmed; No. 17-2167 dismissed by unpublished per curiam opinion.

Gerald F. Gay, Bernard J. Sevel, ARNOLD, SEVEL AND GAY, P.A., Towson, Maryland, for Appellant/Cross-Appellee. Kirk M. Lyons, LYONS & FLOOD, LLP, New York, New York, for Appellee/Cross-Appellant. James W. Bartlett, III, Imran O. Shaukat, SEMMES, BOWEN & SEMMES, Baltimore, Maryland, for Cross-Appellee Rukert Terminals Corporation.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy D. Price, Jr., appeals the district court's order entering judgment in favor of Mos Shipping Co., Ltd. ("Mos"), following a jury trial, and the district court's order denying Price's Fed. R. Civ. P. 59(a) motion for a new trial. Mos cross-appeals, challenging the district court's orders denying its pretrial motion for summary judgment and granting the pretrial motion in limine and motions for summary judgment filed by third-party defendant Rukert Terminals Corporation. For the reasons that follow, we affirm the district court's judgment.

In Price's appeal, Price first argues that the district court abused its discretion in denying his Rule 59(a) motion. "We review for abuse of discretion a district court's denial of a motion for new trial, and will not reverse such a decision save in the most exceptional circumstances." *Bunn v. Oldendorff Carriers GmbH & Co. KG*, 723 F.3d 454, 468 (4th Cir. 2013) (internal quotation marks omitted). "We commit this decision to the district court because the district judge is in a position to see and hear the witnesses" and "may weigh evidence and assess credibility in ruling on a motion for a new trial." *Bristol Steel & Iron Works v. Bethlehem Steel Corp.*, 41 F.3d 182, 186 (4th Cir. 1994) (internal quotation marks omitted). Because Price did not make a Fed. R. Civ. P. 50 motion for judgment as a matter of law at the conclusion of the evidence, our review of the court's order denying his Rule 59(a) motion "is exceedingly confined." *Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 348 (4th Cir. 2014) (internal quotation marks omitted). We may consider only "whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a

3

manifest miscarriage of justice." *Id.* (internal quotation marks omitted). "What is at issue is whether there was an absolute absence of evidence to support the jury's verdict." *Bristol Steel*, 41 F.3d at 187 (internal quotation marks omitted).

Price, a former longshore worker, alleged that, due to Mos' negligence, he was severely and permanently injured while unloading freight in the hold of Mos' ship, the M/V VALGA, when a forklift being operated by another longshore worker fell through an unprotected hatch in the deck above Price and struck him. The parties do not dispute that Price's claim arises under 33 U.S.C. § 905(b) (2012) of the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950 (2012). As relevant to that provision, a vessel owner owes three general duties to longshore workers: (1) the "turnover duty"; (2) the "active control duty"; and (3) the "duty to intervene." *Bunn*, 723 F.3d at 460-61 (internal quotation marks omitted); *see Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 97 (1994) (construing *Scindia Steam Navigation Co., Ltd. v. De Los Santos* ('*Scindia*'), 451 U.S. 156 (1981)). Only the active control duty and duty to intervene are relevant here.

Under the active control duty, a vessel owner is liable if it either "actively involves itself in the cargo operations and negligently injures a longshoreman" or "fails to exercise due care to avoid exposing longshoremen to harm from hazards that they may encounter in areas, or from equipment, under the active control of the vessel during the stevedoring operation." *Scindia*, 451 U.S. at 167; *see Gravatt v. City of New York*, 226 F.3d 108, 121 (2d Cir. 2000); *England v. Reinauer Transp. Cos., LP*, 194 F.3d 265, 270 (1st Cir. 1999). As we have observed, the mere "presence of an officer of the ship's crew [does not]

4

constitute 'active involvement' in discharge operations within the meaning of *Scindia*." *Bonds v. Mortensen & Lange*, 717 F.2d 123, 127 n.4 (4th Cir. 1983). Instead, the active control duty "recognizes that although a vessel owner no longer retains the primary responsibility for safety in a work area turned over to an independent contractor, no such cession results as relates to areas or equipment over which the vessel's crew retains operational control." *Manuel v. Cameron Offshore Boats, Inc.*, 103 F.3d 31, 34 (5th Cir. 1997).

With respect to the duty to intervene, "absent contract provision, positive law, or custom to the contrary," a vessel owner generally "owes no duty to the longshoremen to inspect or supervise the cargo operations," *Scindia*, 451 U.S. at 172, and may rely on the judgement of the stevedore to avoid exposing longshore workers to unreasonable risks of harm, *id.* at 172, 175. However, the vessel owner cannot reasonably assume that the stevedore will remedy a problem, and thus incurs a duty "to intervene and stop unloading operations," when the vessel owner knows that "the stevedore's judgment in carrying out his tasks is 'obviously improvident'" under the circumstances. *Bonds*, 717 F.2d at 127 (quoting *Scindia*, 451 U.S. at 175-76). The vessel owner violates the duty to intervene if he "fails to intervene in the stevedore's operations when he has actual knowledge" that both: (1) a hazardous condition exists; and (2) "the stevedore, in the exercise of obviously improvident judgment means to work on in the face of it and therefore cannot be relied on to remedy it." *Manson Gulf, LLC v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 134 (5th Cir. 2017) (internal quotation marks omitted); *see In re Buchanan Marine, L.P.*, 874 F.3d 356, 365 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1442 (2018). "If the shipowner may

reasonably believe, despite its own knowledge of the danger, that the stevedore will act to avoid the dangerous conditions, the owner cannot be said to have been negligent," as "the decision whether a condition imposes an unreasonable risk of harm to longshoremen is a matter of judgment committed to the stevedore in the first instance." *Hodges v. Evisea Mar. Co., S.A.*, 801 F.2d 678, 687 (4th Cir. 1986) (internal quotation marks omitted).

Our review of the record leads us to conclude that the district court committed no abuse of discretion in denying Rule 59(a) relief.[1] The undisputed evidence established that Mos, through VALGA crewmember Alexander Nosov, maintained active control over the cargo elevator that was lowered to produce the hatch opening through which the errant forklift fell. However, it also is undisputed that the accident did not take place in the context of matters over which Nosov clearly exercised control—the movement of the elevator and the condition of its platform—but instead during stevedoring operations on the deck after the cargo was unloaded from the elevator. The trial record contained at least some evidence to support a finding that Nosov had no involvement or control over this portion of the stevedoring operation. His presence as an observer of those operations is insufficient to trigger the active control duty. *See Bonds*, 717 F.2d at 127 n.4.

Moreover, even assuming, without deciding, that Nosov had some duty to use due care to ensure that the longshore workers operating forklifts in the immediate vicinity of

---

[1] In both of his arguments on appeal, Price relies in part on a footnote in the district court's pretrial order granting summary judgment to Atlantic Ro-Ro Carriers, Inc. We find Price's reliance on this footnote misplaced, in view of the disparate issues, record, and standard of review at issue in resolving that pretrial motion.

the elevator did not fall through the unprotected opening, the record also contains evidence to support a finding that the forklift operators were acting with reasonable care in light of their speed and location and the condition of the deck surface, and thus that Nosov did not act unreasonably in failing to remediate their operations. The record also provided support for a finding that the stevedore's actions in continuing operations was not "obviously improvident," and thus that Nosov was entitled to rely on the longshore workers' judgment as to whether cargo operations could be conducted safely. *See Manson Gulf*, 878 F.3d at 134; *Hodges*, 801 F.2d at 683-84; *Bonds*, 717 F.2d at 127. Price also identifies no circumstances giving rise to a manifest miscarriage of justice. Thus, we conclude that the district court did not abuse its discretion in denying Rule 59(a) relief.

Price also contends that the district court abused its discretion in admitting the evidence of Mos' expert witness, Walter Curran.[2] We review for abuse of discretion the district court's decision to admit expert testimony. *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 260 (4th Cir. 2005); *see Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 161 (4th Cir. 2012) (describing standard). Expert testimony is admissible if it concerns "scientific, technical, or other specialized knowledge" and "will help the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702(a). In evaluating the admissibility of expert testimony, courts must "act as gatekeepers to

---

[2] Although Mos argues that Price failed to properly preserve his challenge to Curran's testimony, Mos is mistaken. The district court's denial of Price's motion in limine sufficiently preserved his challenge to Curran's testimony without the need for additional objection at trial. *United States v. Ruhe*, 191 F.3d 376, 383 n.4 (4th Cir. 1999); *see* Fed. R. Evid. 103(b).

ensure that expert testimony is relevant and reliable." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 138 S. Ct. 470 (2017); *see Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993).

Price effectively argues that Curran's testimony was not reliable or relevant because he was permitted to testify that Nosov had no duties under *Scindia*, and his testimony was both inconsistent with evidence presented at trial and confusing to the jury. While a court may abuse its discretion in admitting an expert opinion that conflicts directly with uncontroverted evidence of record, *Tyger Constr. Co. v. Pensacola Constr. Co.*, 29 F.3d 137, 143 (4th Cir. 1994), Curran's testimony did not suffer from such a conflict. To the extent Curran's testimony conflicted with some of the disputed evidence of record, "questions regarding the factual underpinnings of the expert witness' opinion affect the weight and credibility of the witness' assessment, not its admissibility." *Bresler*, 855 F.3d at 195 (alteration and internal quotation marks omitted). The district court properly allowed these disputes to be tested through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. And while "evidence that has a greater potential to mislead than to enlighten should be excluded," *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999), we conclude that Curran's testimony was not misleading or unduly confusing to the jury. We therefore find no abuse of discretion in the district court's admission of this evidence.

Because we affirm the district court's judgment in Mos' favor, we dismiss as moot Mos' cross-appeal of the court's pretrial orders. We dispense with oral argument because

8

the facts and legal contentions are adequately presented in the materials before this court

and argument would not aid the decisional process.

No. 17-2101, *AFFIRMED;*
No. 17-2167, *DISMISSED*

9